# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:12-CV-111-R

GRANT C. HOWARD, J. ET AL.                                       Plaintiffs

and

LIBERTY MUTUAL INSURANCE COMPANY                 Intervening Plaintiff

v.

WAL-MART STORES EAST, LP                                         Defendant

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Wal-Mart Stores East, LP's Motion in Limine to Admit Evidence of Collateral Source Payments to Plaintiff Grant C. Howard, Jr. (Docket No. 38.) Plaintiffs Grant Howard ("Howard") and Amanda Howard have responded (Docket No. 50), and Defendant has replied (Docket No. 61). Defendant has further submitted a Supplemental Memo in Support of Admissibility of Collateral Source Payments. (Docket No. 70.) Accordingly, this matter is ripe for review.

## BACKGROUND

Howard, a UPS tractor-trailer delivery driver, claims to have been injured on January 13, 2012, when a garage-type door in Wal-Mart's receiving area struck him on the head. (Docket No. 1 at 2.) Plaintiffs allege that Defendant's negligence caused Howard's injury and caused him to incur significant expenses and ongoing lost wages. (Id.) Defendant denies such allegations (Docket No. 5) and argues that expert testimony will prove that Howard malingered his injuries.

1

Prior to the instant motion, Plaintiffs filed a motion in limine to exclude the testimony of Defendant's expert Dr. James G. Walker, arguing that operation of the collateral source rule would improperly limit Plaintiffs' ability to cross-examine Walker for bias.  (Docket No. 34.)  Defendant subsequently filed its own motion in limine to admit all evidence of Howard's collateral source payments.  (Docket No. 38.)

**STANDARD**

"The collateral source rule provides that benefits received by an injured party for his injuries from a source wholly independent of, and collateral to, the tortfeasor will not be deducted from or diminish the damages otherwise recoverable from the tortfeasor." *Schwartz v. Hasty*, 175 S.W.3d 621, 626 (Ky. App. 2005).  The rule ensures that a tortfeasor will not enjoy the benefit of insurance obtained by the injured party for his own protection, as such insurance does not diminish the tortfeasor's liability.  *Id.* (citing *Taylor v. Jennison*, 335 S.W.2d 902, 903 (Ky. 1960)).

However, the rule is not without exceptions.  Collateral source evidence may be admitted for proper purposes, such as proof of malingering.  "Where the possibility of malingering exists by the claimant, particularly where a plaintiff may be exaggerating his injury for recovery, evidence relating to a claimant's receipt of compensation may be admissible."  *Peters v. Wooten*, 297 S.W.3d 55, 62 (Ky. App. 2009) (citing *Burke Enterprises v. Mitchell*, 700 S.W.2d 789, 796 (Ky. 1985)).

By extension, evidence of collateral source payments will be admitted to prove "an embellishment . . . of not being able to afford medical treatment. When the plaintiff has put into hardship and financial distress or implies financial distress caused by

defendant's action, the defendant may rebut this by showing that other financial means were available to plaintiff." *Peters v. Wooten*, 297 S.W.3d 55, 62 (Ky. App. 2009).

## DISCUSSION

Defendants argue that given the breadth of evidence suggesting that Howard was malingering, evidence of collateral source payments in the form of workers' compensation benefits to Howard are admissible. Plaintiffs contend that no exception to the collateral source rule applies and further argue that the risk of prejudice associated with such evidence substantially outweighs its probative value, pursuant to Fed. R. Evid. 403.

Having reviewed the parties' briefs and the relevant caselaw, the Court determines that collateral source evidence of Howard's workers' compensation payments is admissible for the limited purposes of determining whether Plaintiff was malingering and whether he was financially capable of supporting his family. The Court concludes that the probative evidence of Plaintiff's collateral source income outweighs the possibility of unfair prejudice.

Plaintiffs rely upon *Transit Authority of River City [TARC] v. Vinson*, 703 S.W.2d 482 (Ky. App. 1985), to support their contention that the collateral source rule prohibits admission of workers' compensation payments. *Transit Authority* upheld the trial court's exclusion of evidence of Social Security, disability, and insurance benefits paid to Vinson, who was injured in a bus accident. The Transit Authority wished to use such collateral source evidence to establish that Vinson was a malingerer. The court excluded

such evidence, determining that this evidence was more likely to cause the jury to reduce Vinson's award than to change its mind regarding the extent of his injuries. *Id.* at 485.

However, a more fitting analysis lies in *Davidson v. Vogler*, 507 S.W.2d 160, 164 (Ky. 1974), wherein the payments in question were neither public benefits nor an independent insurance policy, but, like the case at bar, compensation from the employer. *Davidson* created a limited exception to the collateral source rule:

> [T]he propriety of admitting evidence relating to the claimant's receiving compensation *from his employer* for lost time is limited to . . . the circumstances where evidence of malingering on the part of the claimant is substantiated by some other competent evidence, evidence relating to such compensation being admissible then for the limited purpose of showing malingering on the part of the claimant.

*Id.* at 164 (emphasis added). *Davidson* determined that the collateral source payments in question were not admitted "for the limited purpose of establishing malingering on the part of the appellant" and accordingly deemed their admission erroneous. *Id.* By contrast, in this case, Defendant has established an appropriate purpose for offering such evidence. Furthermore, Defendant points to the reports of Drs. Walker, Hazlewood, O'Keefe, and Granacher, all of which suggest evidence of malingering. Given such evidence, the collateral source payments will be admitted as evidence on the issue of malingering.

In addition, collateral source payments are admissible to impeach Howard's statements to Dr. Pamela Auble that caused to her conclude that Howard's increasing depression was partially caused by an inability to support his family. (Docket No. 19-4 at 10.) Dr. Auble's opinion "opens the door" to evidence of Howard's financial stability, suggesting that he lacked income. "Kentucky has a long history of holding accountable

4

parties who open the door to evidence where the jury may be misled." *Peters*, 297 S.W.3d, at 63. Notwithstanding the collateral source rule, the *Peters* exception allows Defendant to challenge Plaintiffs' claimed financial difficulties using collateral source payments. Because the amount of such payments is necessarily relevant to determining Howard's credibility, this information will be admitted.

Having determined that other competent evidence of malingering exists, the second prong of the Court's inquiry applies Federal Rule of Evidence 403, weighing the probative value of the collateral source payments against its prejudicial value. *Peters*, 297 S.W.3d, at 62. In *Peters*, the Kentucky Court of Appeals upheld the admission of the plaintiff's application for Social Security benefits because it forestalled the plaintiff's suggestion that he could not afford treatment. *Id.* Similar principles apply here. The probative value of Howard's workers' compensation payments is not substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury. The Court is satisfied that an appropriate admonishment to the jury, limiting its use of the evidence of Howard's workers' compensation payments only to the issues of malingering and financial distress, will sufficiently lessen the risk of prejudice.

Plaintiffs argue that a collateral source payment's probative value exceeds its prejudicial nature "only where the evidence is necessary to test a claimant's credibility ion a key issue in order to prevent the claimant from misleading the jury." (Docket No. 50 at 5.) However, the Court agrees with Defendant's analysis, concluding more broadly that the prejudicial value of the collateral source payment evidence does not substantially outweigh its probative value if the evidence tests a claimant's credibility on key issue in order to prevent the claimant from misleading the jury. As Defendants note, this

characterization harmonizes with the principle that one who challenges relevant evidence must demonstrate that it fails the Rule 403 balancing test. If Plaintiffs feel a limiting instruction is necessary, they may request such an instruction.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Defendant Wal-Mart's Motion in Limine to Admit Evidence of Collateral Source Payments to Plaintiff Grant C. Howard, Jr. is GRANTED. Evidence of collateral source payments to Howard will be admitted at the trial of this case on the issues of malingering and financial distress.